## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Derrick Devon Turner,

Case No. 21-cv-0865 (WMW/LIB)

        Plaintiff,

**ORDER**

    v.

City of Eagan, Eagan Police Department,
and Best Buy,

        Defendants.

---

This matter is before the Court on Defendants City of Eagan, Eagan Police Department, and Best Buy's motions to dismiss Plaintiff Derrick Devon Turner's complaint for failure to state a claim, (Dkts. 15, 26), Turner's motion for an extension of time, (Dkt. 41), and Turner's motion to amend his complaint, (Dkt. 54). For the reasons addressed below, Defendants' motions to dismiss are granted, Turner's motion for an extension of time is denied as moot, and Turner's motion to amend is denied.

### BACKGROUND

On December 24, 2018, a Best Buy employee called the Eagan Police Department and reported that an African American man, whom the Eagan Police Department later identified as Turner, had used a credit card that belonged to a person of "Asian descent." Security camera footage later established that Turner's companion, a white woman, had used the credit card.

At approximately 11:00 p.m., officers from the Eagan Police Department stopped Turner's vehicle and arrested Turner, who was subsequently charged with financial

transaction card fraud.[1]  The Dakota County District Court, First Judicial District, later dismissed the charge, finding that the basis of the traffic stop was not supported by a reasonable articulable suspicion of criminal activity and that the charge of financial transaction card fraud lacked probable cause.

Turner commenced this action on March 29, 2021, advancing three claims to relief.  He alleges that, pursuant to 42 U.S.C. § 1983, Defendants violated his rights under the Fourth and Eighth Amendments to the United States Constitution and that Defendants falsely imprisoned him in violation of 25 C.F.R. § 11.404.  The City of Eagan, Eagan Police Department and Best Buy move to dismiss Turner's complaint for failure to state a claim.

## ANALYSIS

### I.    Defendants' Motions to Dismiss

A complaint must be dismissed if it fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When

---

[1]    The attorney for the City of Eagan filed a copy of an August 26, 2019 order from the Dakota County District Court, First Judicial District, dismissing the charges against Turner.   The order specifies that the charge was financial transaction card fraud. Although Turner did not attach the order to his complaint, the order is necessarily embraced by the complaint.  *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (internal quotation marks omitted)). Turner alleges in his complaint that the charges against him were dismissed.  As neither party questions its authenticity, the order dismissing the charges against Turner is necessarily embraced by the complaint.

determining whether the complaint states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions that are couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 678–79.

### A.    Best Buy

#### 1.    Constitutional Claims

Turner asserts constitutional claims against Best Buy pursuant to 42 U.S.C. § 1983. Best Buy argues that Turner cannot state a Section 1983 claim against Best Buy because Best Buy is not a state actor and did not engage in "joint action" with the Eagan Police Department or the City of Eagan.

Section 1983 provides a civil cause of action against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983. "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). But a "private party who willfully participates in joint activity with the State or its agents is

considered a state actor." *Id.* "[W]hen private security guards and police officers act in concert to deprive a plaintiff of his civil rights," state action is present. *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989).

As Best Buy is not a state actor, it can be held liable under Section 1983 only if its employees acted in concert with police officers to detain Turner.  Turner alleges that a Best Buy employee called the Eagan Police Department and reported that Turner had made a suspicious purchase.  Turner alleges, and Defendants admit, that security camera footage contradicted the Best Buy employee's report to the Eagan Police Department. But Turner alleges no facts suggesting any concerted action between the Best Buy employee and the Eagan Police Department.  Absent any allegation of concerted action, Turner's Section 1983 claim against Best Buy fails.  And Turner also fails to state a cause of action against Best Buy under the United States Constitution because the Fourth and Eighth Amendments limit the conduct of government actors, not private entities such as Best Buy.  *See Burdeau v. McDowell*, 256 U.S. 465, 475 (1921) (noting that the Fourth Amendment applies only to "governmental action"); *White v. Verzola*, No. 4:20-cv-00295-RLW, 2020 WL 4192748, at *6 (E.D. Mo. July 21, 2020) ("Absent state action, the Eighth Amendment is inapplicable.").

Accordingly, Turner's Section 1983 claims against Best Buy are dismissed.

## 2.   False Imprisonment

Best Buy argues that Turner's false-imprisonment claim is inapplicable here because Turner alleges a claim under a federal criminal regulation that does not create a private cause of action.  A private cause of action may not be inferred from a federal

statute or regulation unless it "display[s] an intent to create a freestanding private right of action." *Alexander v. Sandoval*, 532 U.S. 275, 293 (2001).  Turner alleges that Best Buy falsely imprisoned him under 25 C.F.R. § 11.404, a federal criminal regulation, which provides that a "person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with his or her liberty."  On its face, the text of the regulation does not display an intent to create a freestanding private right of action.  Turner, therefore, cannot state a cause of action against Best Buy for false imprisonment under 25 C.F.R. § 11.404.

Even if construed as a common-law claim of false imprisonment, Turner's claim is unavailing.  "[T]he elements of false imprisonment are (1) words or acts intended to confine, (2) actual confinement, and (3) awareness by the plaintiff that he is confined." *Blaz v. Molin Concrete Prods. Co.*, 244 N.W.2d 277, 279 (Minn. 1976).  As Turner does not allege that Best Buy confined him, Turner fails to allege a common-law false-imprisonment claim.

Accordingly, Turner's false-imprisonment claim against Best Buy is dismissed.

## B.    Eagan Police Department

The Eagan Police Department contends that Turner's Section 1983 claims against it must be dismissed because a police department is not a legal entity capable of being sued.  The Eagan Police Department correctly observes that, although *municipalities* may sue and be sued under Minn. Stat. § 412.211, a municipality's "departments have not been given that specific authority." *Hyatt v. Anoka Police Dep't*, 700 N.W.2d 502, 505 (Minn. Ct. App. 2005); *see also* 2 W. Michael Garner, Gelfand, State and Local

Government Debt Financing § 15:35 (2d ed. 2021) ("In general, divisions or departments of municipal corporations are not legal entities distinct from the municipality and cannot be sued.").

Because the Eagan Police Department is not a legal entity capable of being sued under Minnesota state law, Turner's claims against the Eagan Police Department are dismissed.

### C.   City of Eagan

Turner alleges, pursuant to 42 U.S.C. § 1983, that the City of Eagan violated Turner's Fourth and Eighth Amendment rights.   Turner also alleges that the City of Eagan falsely imprisoned him.

### 1.   Constitutional Claims

A Section 1983 claim against a municipality cannot be based on vicarious liability. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).   A municipality may be liable under Section 1983, however, if the inadequate training of its employees, a municipal policy or an unofficial municipal custom causes a constitutional injury.   *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (training); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (policy or custom); *see also Bd. of Cnty. Comm'rs*, 520 U.S. at 403–04.

Turner alleges that Eagan Police Department officers pulled Turner over, refused to answer his questions, violently removed Turner from his car, placed him "outside in the freezing cold for a long duration," and arrested Turner even after the officers watched the video showing that Turner had not used the allegedly stolen credit card.   But Turner's

complaint does not allege any facts suggesting that the officers' conduct was the result of inadequate training, a municipal policy or an unofficial custom instead of an isolated incident. *See Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) ("Generally, an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983."). For these reasons, Turner has not sufficiently alleged municipal liability under Section 1983.

Accordingly, Turner's Section 1983 claims against the City of Eagan are dismissed.

### 2.      False Imprisonment

There is no private cause of action under 25 C.F.R. § 11.404, the federal criminal regulation providing that false imprisonment is a misdemeanor. *See supra* Part I.A.2. And even if Turner's claim were construed as a Minnesota common-law false-imprisonment claim, this Court declines to exercise supplemental jurisdiction over this state-law claim because all of Turner's federal claims, over which this Court has original jurisdiction, have been dismissed. 28 U.S.C. § 1367(c)(3).

Accordingly, Turner's false-imprisonment claim against the City of Eagan is dismissed.

### II.     Turner's Motion to Amend

Turner moves to dismiss all of his claims without prejudice if the Court denies him leave to amend his complaint. The Court construes Turner's motion as a motion to amend.

A plaintiff is entitled to amend the complaint once as a matter of course within 21 days after serving it or within 21 days after service of a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1).  Thereafter, a plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  A motion to amend a complaint must comply with the procedural requirements of Local Rule 7.1(b).  Moreover, Local Rule 15.1(b) requires that:

> [a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, *and* (2) a version of the proposed amended pleading that shows— through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading.

LR 15.1(b) (emphasis added).

Turner did not file an amended complaint within 21 days after Defendants filed their motions to dismiss.  Turner, therefore, may not amend his complaint as a matter of course.  As such, pursuant to Federal Rule of Civil Procedure 15(a)(2), Turner must obtain the consent of the opposing parties or leave of the Court before filing an amended complaint.

Turner's motion to amend is accompanied by neither a copy of the proposed amended complaint nor a redlined version of the amended pleading.  Therefore, Turner has not complied with the requirements of Local Rule 15.1(b).

Accordingly, his motion to amend is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      Defendants' motions to dismiss, (Dkt. 15, 26), are **GRANTED**.

2.      Plaintiff Derrick Devon Turner's motion to amend, (Dkt. 54), is **DENIED**.

3.      Plaintiff's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

4.      Plaintiff's motion for an extension of time, (Dkt. 41), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 6, 2021                                    s/Wilhelmina M. Wright____
                                                           Wilhelmina M. Wright
                                                           United States District Judge